UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**KLESTADT & WINTERS, LLP**
Tracy L. Klestadt (TK3591)
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
tklestadt@klestadt.com

**ARENSON DITTMAR & KARBAN**
Laura E. Longobardi, Esq. (applying for admission *pro haec vice*)
Steven Arenson, Esq. (applying for admission *pro haec vice*)
295 Madison Avenue, Suite 700
New York, New York 10017
Telephone: (212) 490-3600
Telecopier: (212) 490-7102
LELongobardi_ADK@msn.com
saseeksj@aol.com

Counsel to Creditors Ronard Lora, Hugo Rivera, Marcos Antonio Diaz, Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez, Jose Rodolfo Rodriguez-Tineo, Ramon Alvarez, Denis Rene Barahona, Margarito Gallardo, Braulio Flores Matamoros, Robertico Perez Olmos, Jose Antonio Pichardo, Michel Rodriguez, Francisco Guerrero, Rojas Corona Valerio and Ramiro Rodriguez del Pilar

**Hearing Date:** November 26, 2013

**Hearing Time:** 12:00 noon

| | |
|---|---|
| In Re:<br><br>**BAYWAY HAND CAR WASH CORP.,**<br><br>Debtor. | **Case No.:** 13-32632 (MS)<br><br>**Judge:** Morris Stern<br><br>**Chapter**: 11<br><br>**Joint Administration Pending** |
| In Re:<br><br>**HARLEM HAND CAR WASH CORP.,**<br><br>Debtor. | **Case No.:** 13-32637 (MS)<br><br>**Judge:** Morris Stern<br><br>**Chapter**: 11<br><br>**Joint Administration Pending** |

| | |
|---|---|
| In Re:<br><br>**J.V. CAR WASH LTD.,**<br><br>Debtor. | **Case No.:** No. 13-32641 (MS)<br><br>**Judge:** Morris Stern<br><br>**Chapter**: 11<br><br>**Joint Administration Pending** |
| In Re:<br><br>**WEBSTER HAND CAR WASH CORP.,**<br><br>Debtor. | **Case No.:** 13-32644 (MS)<br><br>**Judge:** Morris Stern<br><br>**Chapter**: 11<br><br>**Joint Administration Pending** |
| In Re:<br><br>**JOSE LOUIS VAZQUEZ,**<br><br>Debtor. | **Case No.:** 13-32646 (MS)<br><br>**Judge:** Morris Stern<br><br>**Chapter**: 11<br><br>**Joint Administration Pending** |

## MOTION FOR ENTRY OF ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

Ronard Lora, Hugo Rivera, Marcos Antonio Diaz, Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez, Jose Rodolfo Rodriguez-Tineo, Ramon Alvarez, Denis Rene Barahona, Margarito Gallardo, Braulio Flores Matamoros, Robertico Perez Olmos, Jose Antonio Pichardo, Michel Rodriguez, Francisco Guerrero, Rojas Corona Valerio and Ramiro Rodriguez del Pilar (collectively, the "Movants"), by their counsel, Klestadt & Winters, LLP and Arenson Dittmar & Karban, as and for their Motion for entry of an order granting relief from the automatic stay pursuant to Bankruptcy Code section 362(d), Bankruptcy Rule 4001(a), and Local Bankruptcy Rule 4001-1(a) to allow the Movants to proceed to trial in a federal court action, respectfully set forth and allege as follows:

2

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, and the "Standing Order of Reference to the Bankruptcy Court Under Title 11" of the

United States District Court for the District of New Jersey (Clarkson S. Fisher, Chief .Judge),

dated July 23, 1984, as amended September 18, 2012 (Jerome B. Simandle, Chief Judge).

2.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) because this

proceeding arises in a case under the Bankruptcy Code and pending in this District.

## STATUS OF THE CHAPTER 11 CASE

4.      On October 16, 2013, Bayway Hand Car Wash Corp., Harlem Hand Car Wash

Corp., J.V. Car Wash Ltd., Webster Hand Car Wash Corp. (collectively, the "Car Wash

Debtors") and Jose Louis Vazquez ("Mr. Vazquez") (collectively, the "Debtors") filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code.  All of these cases have been

designated as related filings. [1]

5.      The Debtors remain in possession of their property and the management of their

affairs pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 1107(a) and

1108.

6.      No trustee or examiner has been appointed.

7.      No official committee of unsecured creditors has been appointed.  A meeting of

creditors pursuant to Section 341 of the Bankruptcy Code, 11 U.S.C. § 341, has been scheduled

---

[1]      Movants concurrently have filed a motion for the joint administration of all of the Debtors' related
bankruptcy cases, seeking to have the case number assigned to Bayway Hand Car Wash Corp., designated as the lead

for November 27, 2013, at 10:00 a.m.

8.      A status conference has been scheduled for December 10, 2013, at 10:00 a.m.

### **BACKGROUND**

9.      Movants will recite necessary background facts as part of this Motion.  Movants

respectfully refer the Court to the accompanying Certification of Laura E. Longobardi, Esq.,

executed November 4, 2013 (the "Longobardi Certification"), for a complete statement of the

relevant facts.

10.     Movants are all plaintiffs in an action entitled *Ronard Lora, et al., v. J.V. Car*

*Wash, Ltd., et al.,* Docket No. 11-CV-9010 (LLS) (the "FLSA Action"), which originally was

filed in the United States District Court for the Southern District of New York on December 9,

2011.  The Debtors all are named as defendants in the FLSA Action.

11.     The FLSA Action originally asserted claims under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*., and its supporting regulations, 29 C.F.R. §§ 531 *et seq*.; the

New York Labor Law, N.Y. LAB. LAW §§ 190 *et seq*., § 650 *et seq*. (the "NYLL"), and its

supporting regulations, N.Y. COMP. CODES R. & REGS. tit. 12, § 142 *et seq*.; and the New Jersey

Wage-and-Hour Law, N.J. STAT. ANN. §§ 34:11-4.1 *et seq*., §§ 34:11-56a *et seq*. (the

"NJWHL"), and its supporting regulations, N.J.A.C. §§ 12:56 *et seq*., arising from the Debtors'

failures to pay wages, including but not limited to minimum wages and overtime compensation,

to the Movants[2] for work that they performed on behalf of the Debtors from approximately

---

case.  Pending a determination of that motion, this Motion for relief from the automatic stay is being filed in all of
the Debtors' bankruptcy cases.

[2]      The Debtors have identified only the named plaintiffs, Ronard Lora, Hugo Rivera, Marcos Antonio Diaz,
Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez and Jose Rodolfo Rodriguez-Tineo, as creditors on
the schedules to their bankruptcy petitions.  However, each of the eighteen Movants filed consents to be parties to

December 9, 2005, and continuing as of the date of the original filing.[3]  The FLSA Action later

was amended to allege claims of unlawful retaliation in violation of Section 215(a)(3) of the

FLSA, and in violation of Section 215(1) of the NYLL, on behalf of certain of the Movants.  A

copy of the Amended Complaint in the FLSA Action is attached to the Longobardi Certification

as Exhibit B.[4]

12.     The FLSA Action has been pending for nearly two years.  At the time that the

Debtors' petitions in these bankruptcy cases were filed on October 16, 2103, the FLSA Action

was scheduled for trial before the Honorable Louis L. Stanton, U.S.D.J., on November 12, 2013.

The final Joint Pre-Trial Order, together with all pre-trial motions, trial briefs, proposed voir dire

questions, proposed jury charges and proposed verdict forms, were due to be submitted to Judge

Stanton's chambers by noon on November 6, 2013, and the final pre-trial conference was

scheduled to be held before Judge Stanton on November 8, 2013, at 12:30 p.m.  (Longobardi

Certification, ¶ 13.)

13.     The FLSA Action, which was weeks away from resolution, has now been stayed

pursuant to the operation of Section 362 of the Bankruptcy Code.  Movants seek to lift that stay,

to enable them to proceed to the trial of their claims against the Debtors.

## **RELIEF REQUESTED**

14.     By this Motion, the Movants respectfully request that this Court enter an order,

---

the FLSA Action with the court as required by 29 U.S.C. § 216(b), either concurrently with the filing of the original
complaint or shortly after they advised us of their desire to join the FLSA Action.  Copies of these filed consents are
attached to this Motion as Exhibit A.  Pursuant to the FLSA, filing these consents made each of the Movants
plaintiffs in the FLSA Action.  Consequently, all of the Movants are also creditors of the Debtors.
[3]     While the FLSA Action was pleaded as a collective/class action, no collective or class has been certified.

substantially in the form annexed hereto as Exhibit A, granting relief from the automatic stay to

allow the Movants to proceed to trial on the FLSA Action in the Southern District of New York.

<u>**BASIS FOR RELIEF REQUESTED**</u>

15.     Bankruptcy Code section 362(d)(1) provides that on "request of a party in interest

and after notice and a hearing, the court ***shall*** grant relief from the [automatic] stay … ***for***

***cause***." 11 U.S.C. § 362(d)(1) (emphasis added).  The burden of proof is a shifting one; after the

movant makes the initial showing of "cause" required by Section 362(d)(1), the debtor then is

required by Section 362(g) to meet the burden of proof on all issues other than the Debtors'

equity in property.  *See In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999).  Bankruptcy

courts and other authorities have recognized that "cause" for relief from the automatic stay exists

"'when necessary to permit litigation to be *concluded* in another forum, particularly if the

nonbankruptcy suit involves multiple parties ***or is ready for trial***.'"  *Id.* (quoting WILLIAM

MILLER COLLIER, *COLLIER ON BANKRUPTCY*, § 362.07[3[a] (15th ed. 1996)) (first emphasis in

original; second emphasis added).

<u>**This Court Should Grant Relief from the Automatic Stay to Allow the Movants to Proceed**</u>
<u>**to Trial on the FLSA Action in the Southern District of New York.**</u>

16.     In assessing whether cause exists, courts consider a variety of factors, including

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any

connection with or interference with the bankruptcy case; (3) whether the other proceeding

involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise

has been established to hear the cause of action; (5) whether the Debtors' insurer has assumed

---

[4]        The Movants' claims are wage claims.  Therefore, each Movant's claim, once determined in the FLSA

full responsibility for defending it; (6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable

subordination; (9) whether the moving party's success in the other proceeding would result in a

judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious

and economical resolution of litigation; (11) whether the parties are ready for trial in the other

proceeding; (and 12) impact of the stay on the parties and the balance of the harms. *In re Mid-*

*Atlantic Handling Sys., LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003).  All twelve of these

factors are not necessarily implicated in every bankruptcy case, and courts do not necessarily rely

on a plurality of factors in reaching a decision to lift the automatic stay.  *Id.*, *see In re Sakhrani*,

No. 05–34286 (DHS), 2006 WL 4452828, at *2 (Bankr. D.N.J. Jan. 20, 2006).

17.     Here, the most pertinent factors are numbers (1) – whether relief would result in

partial or full resolution of the issues; (7) – prejudice to other creditors; (10) – judicial economy;

(11) – whether the parties are ready for trial in the other proceeding; and (12) – the impact of stay

on the parties and the balance of harms.

**Whether Relief Would Result in Partial or Full Resolution of the Issues.**

18.     The only issues between the Movants and the Debtors are those of liability and

damages.  These issues ***must*** be resolved ***somewhere*** – either in this Bankruptcy Court or in the

Southern District of New York – and as already seen, the Movants believe that the best forum in

which to resolve these issues is the Southern District of New York.  Resolution of the issue of

---

Action, will be a combination of a priority claim (to a maximum of $12,475.00 per Movant) and an unsecured claim
(with respect to the balance of each Movant's claim in excess of $12,475.00).

liability necessarily will resolve the issue of damages.  At trial, either (1) the Debtors will prevail

in their defense that the Movants were not employed by the Debtors, as Mr. Vazquez contends, in

which case the Debtors would owe Movants nothing, and the amounts of the Movants' claims

would all be zero; or (2) the Movants will prove that they all were employed by the Debtors, as

the Movants have consistently maintained in the FLSA Action, and were improperly paid by the

Debtors.  In that case, the amounts of the Movants' claims, including unpaid wages and overtime

compensation, statutorily mandated liquidated damages and other penalties; and statutory awards

of attorneys' fees and costs, would be calculated by the jury and/or by Judge Stanton pursuant to

objective mathematical formulas based on the number of hours that the Movants worked and

their hourly wage rates, and pursuant to court-approved fee applications.  At that time, the

amounts of the Movants' claims, which the Debtor has identified on its schedules as contingent,

unliquidated and disputed, will be fixed, liquidated and undisputed, and can be entered as

judgments in their favor.  Trial of the FLSA Action in the Southern District of New York thus

will fully resolve all issues between the Movants and the Debtors.  (Longobardi Certification,

¶ 86.b.)  Therefore, this factor weighs in favor of the Movants.

**Prejudice to Other Creditors.**

19.     No other creditors of the Debtors will be prejudiced if the stay were to be lifted to

allow the FLSA Action to be tried to its conclusion.[5]  Again, once the FLSA Action is resolved,

the full amounts owed by the Debtors to the Movants will be known with certainty – which is in

---

[5]      We note that the ***only*** creditors that the Debtors have identified on the schedules to their bankruptcy
petitions are the named plaintiffs, Ronard Lora, Hugo Rivera, Marcos Antonio Diaz, Melvin Lora, Eduardo Lora,
Giovanni Paulino, Jose Rodriguez and Jose Rodolfo Rodriguez-Tineo.  According to the Debtors' own schedules,
then, there are no other creditors who could be prejudiced by a return of the FLSA Action to the Southern District of
New York.

the best interests of all creditors.  If the trial of the FLSA Action results in the entry of judgments

against the Debtors in favor of the Movants, then the Movants will take no further action outside

the jurisdiction of the Bankruptcy Court to execute on those judgments.  The Movants will return

to this Court, and their claims will be handled for distribution in accordance with a future

approved plan of reorganization.  Thus, there will be no negative impact on other creditors if the

stay is lifted, and the FLSA Action permitted to go to trial.  (Longobardi Certification, ¶ 86.c.)

**Judicial economy.**

20.     Perhaps the foremost consideration in this case is whether the interests of judicial

economy necessitate the granting of relief from the automatic stay.  The Movants contend that

they do.  As painstakingly set forth in the Longobardi Certification, the FLSA Action has been

pending for nearly two years.  During that time, Judge Stanton has invested an extraordinary

amount of time in the FLSA Action.  He has conducted eight conferences with the parties; has

ruled on seven applications (both formal and informal, including discovery rulings) from the

parties; has received status letters from the parties on nearly a monthly basis; and had placed the

FLSA Action on his trial calendar for November 12, 2013.  Judge Stanton undisputedly has had

prolonged involvement with the FLSA Action, and is intimately familiar with the legal issues and

contentions raised by the parties.  Judge Stanton clearly is in the best position to handle the

remaining aspects of the FLSA Action.  (Longobardi Certification, ¶¶ 10-85; 86.a.)

**Whether the Parties Are Ready for Trial in the Other Proceeding.**

21.     Closely related to the interests of judicial economy is the consideration that the

FLSA Action was on Judge Stanton's trial calendar for November 12, 2013.  Consequently, the

FLSA Action was ready for trial (and the resolution of all issues between the Movants and the

Debtor).

**The Impact of the Stay on the Parties and the Balance of Harms.**

22.    There will be no prejudice to the Debtor if the stay were to be lifted to allow the

FLSA Action to proceed.  Again, the issues between the Movants and the Car Wash Debtors

must be resolved *somewhere* and *sometime* – it is equally in Debtors' interests as it is in the

Movants' to have these issues resolved expeditiously in the same forum in which they have been

pending for two years.  Further, as shown in the Longobardi Certification, Debtors have certainly

proven themselves ready, willing and able to mount a defense in the FLSA Action, having

demanded and obtained both documents and depositions from the Movants.  The Debtors also

have brought multiple applications before Judge Stanton, including three efforts to stay the FLSA

Action; a substantive application to dismiss the FLSA Action for lack of subject matter

jurisdiction; and a discovery application to be relieved from having to respond to the Movants'

Requests for Admissions.  The Debtors thus have had ample opportunities before Judge Stanton

to enunciate their defenses, to conduct discovery and to implement their litigation strategy.

(Longobardi Certification, ¶¶ 24-85.)

23.    Finally, given all the attempts that the Debtors have made to avoid reaching the

merits of the FLSA Action, the prejudice that the Movants have already suffered – and will

continue to suffer, for so long as the stay remains in place – is clear:  Justice delayed is justice

denied.  In assessing the impact of the continuation of the automatic stay on the parties, and the

balance of the harms to the Debtors and the Movants, this Court should determine that there

would be no harm to the Debtors if the stay were to be lifted, whereas there would be

considerable harm to the Movants if the stay were to continue.

24.     Based on similar factors and circumstances, the Bankruptcy Courts in this District regularly grant relief from the automatic stay in order to allow a pending state or non-bankruptcy court action to proceed.  *See, e.g.*, *In re Patriot Contracting Corp.*, No. 05–331190 (DHS), 2006 WL 4457346, at *3-*4 (Bankr. D.N.J. May 31, 2006) (lifting stay to allow state-court personal injury action to proceed, based upon, among other things, judicial economy and expeditious resolution of disputes between the movant and the debtor); *In re DeSoto*, No. 05–29744 (DHS), 2006 WL 4452833, at *5-*6 (Bankr. D.N.J. Apr. 20, 2006) (notions of judicial economy and fact that state-court action was in the middle of trial at the time bankruptcy petition was filed predominate in the court's decision to lift stay and permit the state-court action to proceed); *In re Mattera*, No. 05–39171 (DHS), 2006 WL 4452834, at *4-*6 (Bankr. D.N.J. Feb. 6, 2006) (recognizing that underlying divorce proceeding had been pending for six years, and that transferring the proceeding to the bankruptcy court "would unquestionably result in wasteful delay and unnecessary expense for all parties,", the court lifted the stay to permit the state court to "determine and fix" the award between the parties, while retaining jurisdiction to apportion assets as part of the Debtors' reorganization); *In re Sakhrani*, 2006 WL 4452828, at *1-*3 (finding that judicial economy, the "prolonged involvement" by the district court over the three-year history of the non-bankruptcy litigation, and the lack of any prejudice to the debtor justified lifting the stay to allow the action to proceed in the district court).

25.     Thus, the Movants respectfully request that, in the interests of judicial economy and the expeditious and economical resolution of the parties' dispute, this Court grant relief from the automatic stay in order to allow the trial of the Movants' claims to proceed in the FLSA Action.

## NOTICE

26.     The Movants will, contemporaneously with the filing of this Motion, and pursuant to Bankruptcy Rules 2002(a)(4) and 4001(a)(1), serve notice of this Motion upon the Debtors' counsel and all creditors, and upon the Office of the United States Trustee.

**WHEREFORE**, the Movants respectfully request that this Court grant this Motion, enter the proposed order, annexed hereto as Exhibit A, granting relief from the automatic stay to allow the Movants to proceed to trial on the FLSA Action, and grant in the Movants' favor such other and further relief as is just.

Dated:  New York, New York
        November 4, 2013

                                        */s/ Tracy L. Klestadt*
                                        Tracy L. Klestadt (TK3591)
                                        KLESTADT & WINTERS, LLP
                                        570 Seventh Avenue, 17th Floor
                                        New York, New York 10018
                                        Tel.: (212) 972-3000
                                        Fax: (212) 972-2245
                                        tklestadt@klestadt.com


                                        */s/ Laura E. Longobardi*
                                        Laura E. Longobardi (LL7002)
                                        (applying for admission *pro haec vice*)
                                        ARENSON DITTMAR & KARBAN
                                        295 Madison Avenue, Suite 700
                                        New York, New York 10017
                                        Tel.: (212) 490-3600
                                        Fax: (212) 490-7102
                                        LELongobardi_ADK@msn.com